IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LEE CARTER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION H-10-1496 |
| | § | |
| THE ORCHARD, | § | |
| | § | |
| Defendant. | § | |

### ORDER

Pending before the Court in the above referenced suit alleging breach of contract is a motion for appointment of counsel (instrument #2) filed by *pro se* Plaintiff Lee Carter, proceeding *in forma pauperis*. Plaintiff states that he has no income, is unemployed with a disability, has not worked for two years, and has a pending social security claim to confirm he is unable to work so he cannot obtain money for a lawyer.[1]

Under 28 U.S.C. § 1915(e)(1), "The court may request an attorney to represent any person unable to afford counsel." Nevertheless, there is no automatic right to appointment of counsel in a civil case, and the court has considerable discretion in determining whether to do so. *Jackson v. Dallas Police Dep't*, 811

---

[1] This Court notes that the nature of Plaintiff's complaint, i.e., breach of an agreement by The Orchard to distribute Plaintiff's company's music CDs in stores and online, appears to contradict these assertions.

-1-

F.2d 260, 261 (5th Cir, 1986); *Salmon v. Corpus Christi Indep. Sch. Dist.*, 911 F.2d 1165, 1166 (5th Cir. 1990). An indigent civil litigant does not have an automatic right to appointed counsel absent "exceptional circumstances." *Norton v. E.U. Dimazana*, 122 F.3d 286, 293 (5th Cir. 1997); *Akasike v. Fitzpatrick*, 26 f.3d 510, 512 (5th Cir, 1994). A court may appoint counsel in a civil case if doing so would advance the proper administration of justice. *Ulmer v. Chancellor*, 691 F.2d 209, 212-13 (5th Cir. 1982). The court may consider the following factors in deciding whether exceptional circumstances justifying such an appointment are present and whether appointed counsel would facilitate the administration of justice: (1) the complexity of the suit; (2) the ability of the indigent litigant to present the case; (3) the litigant's ability to investigate the case; and (4) the skill required to litigate the case before the court. *Ulmer v. Chancellor*, 691 F.2d at 212-13.

As the Fifth Circuit recently stated, "[E]very litigant benefits by having an attorney. However the burden is on the plaintiff to demonstrate that, unique from other *pro se* litigants, he will have particular difficulty in investigating and presenting his case such that his situation justifies the special benefit of having counsel appointed to represent him." *Margin v. Social Security Administration*, Civ. A. No. 08-4605, 2009 WL 3673025, *2 (5th Cir. Oct. 28, 2009). Plaintiff has made no such showing here.

The Court finds no exceptional circumstances in the instant case to warrant appointment of counsel. The issue in the case is not complex, Plaintiff has adequately explained the nature of his grievance in his complaint (#1), and he has not shown that he would have unusual difficulty in investigating and presenting his case in court.

Accordingly, the Court

ORDERS that Plaintiff's motion for appointed counsel is DENIED.

**SIGNED** at Houston, Texas, this 26th day of July, 2010.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE