UNITED STATES DISTRICT COURT
for the
Southern District of Texas

United States District Court
Southern District of Texas
FILED
DEC - 3 2010
David J. Bradley, Clerk of Court

Lee Carter,   )
              )
      Plaintiff  )
              )
   v.         )
              )  Civil Action No. CA-H-10-1496
The Orchard,  )
              )
      Defendant  )
              )

## ANSWER PRESENTING DEFENSES UNDER RULE 12(b)

### Responding to Allegations in the Complaint

1. Defendant admits the allegations in the first sentence.

2. Defendant admits that Rhyme Time Records and Orchard Enterprises NY, Inc., whose trademark is "The Orchard", are parties to an agreement dated January 21, 2006 (the "Distribution Agreement") pursuant to which Defendant distributes Rhyme Tyme recordings online and through digital stores. A copy of the Distribution Agreement is attached hereto as Exhibit 1.

3. Defendant denies or lacks knowledge or information sufficient to form a belief about the allegations in the fourth sentence.

4. Defendant denies or lacks knowledge or information sufficient to form a belief about the allegations in the fourth sentence.

5. Defendant denies or lacks knowledge or information sufficient to form a belief about the allegations in the fifth sentence.

6. Defendant denies or lacks knowledge or information sufficient to form a belief about the allegations in the sixth sentence.

7. Defendant denies or lacks knowledge or information sufficient to form a belief about the allegations in the seventh sentence.

8. Defendant denies or lacks knowledge or information sufficient to form a belief about the allegations in the eighth sentence.

### Failure to State a Claim

9. The complaint fails to state a claim upon which relief can be granted.

### Affirmative Defense – The Claim is Improperly Venued in This District

10. As and for a complete defense, Defendant alleges that the claim is improperly venued in this District.

11. The Distribution Agreement states, in Article 7, clause (c), that:

> "This agreement shall be governed by the laws of the State of New York which apply to agreements entered into and wholly performed in the State of New York and the parties hereby grant to the U.S. District Court for the Southern District of New York, or the Supreme Court of the State of New York, New York County, exclusive jurisdiction to hear any disputes arising herefrom".

12. The proper and most convenient location for trial of Plaintiff's claim is the U.S. District Court for the Southern District of New York, or the Supreme Court of the State of New York, New York County, the district and county which is the residence of Defendant, where the Distribution Agreement was and is to be performed, and which location was agreed by the parties to be the exclusive jurisdiction to hear any disputes arising from the Distribution Agreement.

Date: November 30, 2010

_____
Signature of Defendant's in-house attorney

Alexis Shapiro
Senior VP and General Counsel
Orchard Enterprises NY, Inc.
Tel. 212-201-9280
AShapiro@theorchard.com

The Orchard: DIGITAL & PHYSICAL GLOBAL DISTRIBUTION Agreement    Exhibit 1    Page 1 of



# DIGITAL & CD DISTRIBUTION AGREEMENT

*v.12.16.05*

1. **Grant of Rights.** The undersigned ("You") irrevocably grants to The Orchard Enterprises, Inc. ("Orchard"), throughout the universe and during the Term defined below, the non-exclusive right (a) to sell, copy, sublicense, distribute and otherwise exploit the "Recordings" (defined below) by all means and media (whether now known or existing in the future), including, without limitation, the right to sell the Recordings in all physical media as well as to transmit, perform, distribute, promote and make commercial use of the Recordings digitally and via the internet and via other forms of digital dissemination of music such as, without limitation, games and gaming platforms, cell phones and mobile memory and hard drive devices, (b) to collect all income deriving therefrom, (c) to collect all other income deriving from the Recordings as the authorized sound recording copyright owner representative, including income deriving from digital, mechanical and performance uses, under statute, industry agreement or otherwise, and (d) use artists' and producers' name(s), photographs and likenesses, biographical and other information in connection with the Recordings and Orchard's business. Orchard will not have any merchandising rights for products other than the Recordings. Although the rights granted to Orchard are non-exclusive, once Orchard licenses a Recording to an account (that You have not already licensed), that account shall exclusive to Orchard during the Term hereof.

2. **Term.** The initial term of this agreement (the "Term") shall start on the date of final execution below and shall continue for five (5) years. Thereafter the Term shall extend for succeeding two-year periods unless one party gives the other party notice of termination no later than sixty (60) days' prior to the start of new two-year period. After the end of the Term, Orchard shall authorize no additional Licensees to exploit the Recordings and shall notify all Licensees to cease exploitation of the Recordings no later than six months post-Term. Articles 5 through and including 7 hereof shall survive the end of the Term.

3. **Recordings.** The "Recordings" shall include the phonorecord sound recordings and video recordings that You now submit to Orchard as well as any other recordings that You choose to add hereafter by giving Orchard notice. Upon request, Orchard will periodically provide You with listings of the accounts to which the Recordings have been licensed. Orchard shall not be responsible for any inadvertent error in any listing of Your Recordings and reserves the right to reje any Recording(s), artwork or other material You submit.

4. **Royalties.**

    (a) Orchard will pay You seventy percent (70%) of "Net Income" (defined below), accounted for quarterly by way of on-line availability. Paymen will be processed quarterly subject to the following restrictions:

    (i) If You submit less than five (5) Recordings, You shall be considered an "Artist" for purposes of Orchard's accounting. Your payment shall not be processed until the royalty balance for the Recordings has reached USD $10.00 on digital sales and $250.00 on physical sales.

    (ii) If You submit five (5) or more Recordings, You shall be considered a "Label" for purposes of Orchard's accounting. Your payment sh not be processed until the royalty balance for the Recordings has reached USD $50.00 on digital sales and $1000.00 on physical sales.

    (b) "Net Income" means Orchard's gross receipts directly from the sale of the Recordings, minus all related out-of-pocket costs and expenses (aggregated for digital and physical sales) and subject to reserves of 25% (on physical sales only) liquidated over two quarters. Please see www.theorchard.com for regularly updated Accounting and Payment Policies including current costs. Any objection relating to any accounting statement or any lawsuit arising therefrom must be made (and any lawsuit commenced) no later than one year after the date the statement is rendered and You hereby waive any longe statute of limitations that may be permitted by law.

5. **Third Party Obligations.** You shall be solely responsible for securing and paying for digital phonorecord delivery (DPD), mechanical and any oth licenses required from musical composition copyright owners (or their agents) in connection with Orchard's exploitation of rights hereunder, royalties due to artists, producers and other persons who performed in the making of the Recordings and all payments that may be required under collective bargaining agreements. Outside of the United States, Orchard customarily requires the digital music service providers (DMSPs) to secure and pay for music publishing licenses (and such license fee may or may not be deducted by the DMSP concerned from the proceeds payable to Orchard). If with respect to any DMSP outside of the United States Orchard is no able to do so, Orchard shall have the right, at its option, to either (i) decline to license such DMSP, or (ii) assume the responsibility to clear and pay for the music publishing licenses required in connection with such DMSP's sales, which license fees Orchard shall have the right to deduct from royalties payable to You hereunde

6. **Warranties; Representations; Indemnities.** You warrant and represent that You have the right and authority to enter into this agreement and to grant to Orchard all rights specified; all of the Recordings, artwork, metadata, videos and any other materials furnished by You to Orchard or relating to the Recordings are owned or controlled by You and shall not infringe on the copyrights or other rights of any person or entity; and that Orchard shall have the right to exploit same in all manner hereunder free from adverse claim and without any obligation to make any payment of any nature to any person or entity, other than the royalties due to You described in paragraph 3 above. You shall defend and indemnify Orchard (including its directors, members, officers, employees and other representatives) against any third party claims or expenses and losses resulting from breach, or a claim which if true would constitute a breach of Your warranties, including reasonable attorneys' fees and litigation expenses. Orchard shall give You prompt notice of any claim and You shall defend Orchard at Your expense with counsel approved by Orchard (which approval shall not be unreasonably withheld). If a claim is made Orchard shall have the right to withhold payment of royalties hereunder in an amount reasonably related to the claim and potential expenses. Any settlement shall be subject to Orchard's prior written approval.

The Orchard: DIGITAL & PHYSICAL GLOBAL DISTRIBUTION Agreement

Page 2

## 7. Other Important Provisions.

(a) Orchard cannot guarantee exploitation of the Recordings, which will depend on the marketplace. Orchard may assign its rights under this agreement in whole or in part. You shall notify Orchard if You assign this agreement. This agreement does not create a partnership or joint venture. This agreement constitutes the entire agreement between You and Orchard pertaining to its subject matter and may not be changed, waived, discharged or terminated except by an instrument in writing signed by You and Orchard.

(b) Neither party shall be deemed in breach of this agreement unless the other party has given the breaching party notice, and the breaching party failed to cure such breach within 30 days after receipt of such notice. In no event shall any breach entitle either party to rescind the rights granted hereunder, but r the aggrieved party shall only be entitled to damages reasonably related to the breach concerned and no penalty shall be awarded to either party.

(c) This agreement shall be governed by the laws of the State of New York which apply to agreements entered into and wholly performed in the S of New York and the parties hereby grant to the U.S. District Court for the Southern District of New York, or the Supreme Court of the State of New York, New Y County, exclusive jurisdiction to hear any disputes arising herefrom.

Agreed:

Artist or Label Name (Print): **Viper/Rhyme Tyme Records**

Signature: **Rhyme Tyme Records, Lee Carter/Lee Carter**
(If Label, please print name after signature)

Date: **1-21-06**

Tax Identification Number: **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**
(Social Security Number or Employer Identification Number)

Artist Name : Viper

Release Name : Hustlin' Thick

Release ID : 6145

Viper
Hustlin' Thick

## IF ARTIST AND MORE THAN ONE GROUP MEMBER, ALL MEMBERS PLEASE SIGN

Artist Name (Print): _____          Artist Name (Print): _____

Signature: _____                    Signature: _____

Date: _____                          Date: _____

Social Security Number: _____        Social Security Number: _____

Artist Name (Print): _____          Artist Name (Print): _____

Artist Signature: _____              Artist Signature: _____

Date: _____                          Date: _____

Social Security Number: _____        Social Security Number: _____

---

Please mail a signed copy of this agreement [all pages] to following address:

The Orchard
attn: NEW RELEASE
133 Fifth Avenue, 7th Floor
New York, NY 10003 USA

ph: 1 212 201 9200
fax: 1 212 253 7614

https://www.theorchard.com/clientManagement/managemusic/dig_phy_cont_phn?release_id=6145

1/20/20